THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY HIBBS, Defendant-Appellant.

(No. 11556; )

Fourth District—February 7, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals following convictions upon his pleas of guilty to the several charges upon which concurrent sentences were imposed respectively: (1) for rape, 10 to 15 years; (2) for armed robbery, 10 to 15 years; (3) for escape, 5 to 10 years and (4) for theft, 5 to 10 years.

Counsel appointed for this appeal had filed a motion for leave to withdraw as counsel, supplying a brief in the form prescribed in *Anders v. California*, 18 L.Ed.2d 493, 386 U.S. 738. Such motion was continued upon the court's order and defendant granted leave to file his *pro se* brief within sixty days. No such brief has been filed.

We have reviewed the record, together with the motion of counsel, and find:

That following defendant's pleas of not guilty upon the charges of

rape and theft, defendant's appointed counsel diligently made motions directed against such charges and procured pre-trial discovery.

That as to those charges presented upon information, defendant received carefully articulated admonitions as to his right to indictment by the grand jury and the nature of the grand jury proceedings, and that after admonitions of the nature of trial by jury and his rights to have such a trial, defendant waived such rights to indictment and to trial by jury.

The defendant, through his counsel, moved to withdraw the pleas of not guilty to the charges of rape and theft and to plead guilty to the several stated charges.

That prior to acceptance of such pleas of guilty, the defendant was fully admonished as to the nature of each offense charged and the sentence which might be imposed upon conviction of each, but that the defendant persisted in the several pleas.

That pursuant to Supreme Court Rule 402, the court made inquiry as to the factual basis of the pleas upon the several charges, and the record shows that defendant described the nature of his acts and the circumstances of each offense charged. Defendant expressly advised the court that no threats, promises or other inducements for the pleas had been made.

The record shows that the several pleas followed negotiations between counsel and the prosecuting attorney that other pending charges would be dropped upon pleas of guilty and sentences imposed upon the charges specified. Defendant, as well as his counsel, agreed that the recommendations as to sentence made by the State's Attorney conformed to the negotiation. Evidence in mitigation was expressly waived and sentence was imposed as negotiated by defendant, his counsel and the prosecuting attorney. The concurrent sentences imposed were within the statutory limits in each case and the record supports the propriety of each sentence.

The motion of appointed counsel to withdraw is granted, and judgment is affirmed.

Judgment affirmed.

SMITH and CRAVEN, JJ., concur.